MINNIE HAUCK, Appellant, v. SAMUEL CRAIGHEAD AND OTHERS, Executors, ETC., Respondents.

*Pleadings — amendment of — when allowed — Variance — when immaterial.*

Where reasonable diligence has been shown, and the party for the first time discovers at the trial that the cause of action or defense has been misunderstood, and for that reason improperly alleged in his pleading, an amendment should be allowed, when applied for without unnecessary delay, by way of special motion.

Where, in an action upon contract, the complaint alleged that the plaintiff refused to enter into the contract unless one of the defendants *should indorse such contract* and become responsible for its performance, and upon the trial it appeared that the agreement was that the said defendant should *join in and sign* the same: *held*, that the variance was immaterial and should have been disregarded.

Appeal from an order made at the Special Term, denying a motion for leave to amend the complaint.

*A. C. Fransioli*, for the respondents.

*Geo. V. N. Baldwin*, for the appellant.

Daniels, J.:

This action was brought for services performed under a contract made for her employment as *prima donna assoluta* for operas and concerts, and for damages for the partial breach of such contract. It was prosecuted against Samuel N. Pike and Lafayette Harrison, as parties jointly liable for its performance. But at the trial the court excluded evidence proposed to be given to establish such liability, because it was not regarded as alleged in the complaint. A juror was thereupon allowed to be withdrawn, to afford the plaintiff an opportunity to move that her complaint should be amended in that respect, but when the motion was made, it was denied, as it is affirmed, on the authority of *Gowdy* v. *Poullain* (9 S. C. [2 Hun], 218). That case was peculiar in its circumstances, and was not designed to establish the rule, that a pleading could not be amended on motion, when the party applying for leave failed to discover the necessity of the amendment until the cause

came on for trial. Very great laches appeared from the circumstances then before the court, and no very good reason was shown why the plaintiff failed to correctly allege his cause of action in the first instance. It was not one concerning which a party could well be mistaken, without a very great degree of inattention. Where reasonable diligence has been shown, and the party for the first time discovers at the trial that the cause of action or defense has been misunderstood, and for that reason improperly alleged in his pleading, then the true theory of the Code contemplates that an amendment shall be allowed, when applied for without unnecessary delay, by way of special motion. And the authority referred to contains nothing in conflict with this principle. But cases frequently arise where formal and unimportant differences appear in the proof from the allegations made of the facts in the pleadings. No actual necessity for amendment exists in those cases under ordinary circumstances; for neither party can be usually misled to his prejudice by means of such variances. When, however, the fact may be otherwise, there the party alleging it must support it by his affidavit, and then the pleading can only be amended upon such terms as shall be just. But when no such affidavit is made, the variance may be disregarded, and the fact found according to the evidence, or an immediate amendment may be ordered. (Code, §§ 169, 170.) By the provisions made upon this subject, no variance between the allegation contained in a pleading and the proof is to be deemed material, unless it may actually mislead the adverse party to his prejudice. This is a very broad and comprehensive provision, limited only by the restriction, that, when the cause of action or defense, as it may have been alleged, is unproved, not merely in some particular or particulars, but in its entire scope and meaning, then the case shall not be considered one of variance, but a failure of proof. (Id., § 171.) That is the only qualification to which the preceding general provision, requiring mere variances to be disregarded, has been subjected. And it does not include this case, and for that reason cannot control it; for, at most, the allegation of the plaintiff's cause of action was unproved in only one of its particulars. That was as to the manner in which the defendant Pike became a party to the written agreement on which the action was brought. And

it was not made to appear that the defendants were in any respect misled in consequence of it.

The complaint alleged that the plaintiff declined to enter into the agreement unless Pike should indorse and become responsible for the performance of it by the defendant Harrison, and that thereupon he promised and agreed that, if the plaintiff would enter into the agreement, he would assume such responsibility and indorse the contract. That she then entered into the agreement with Harrison, and Pike indorsed it, and thereto set his name. The evidence, as the plaintiff's counsel regards it, tended to show that it was agreed that Pike should join in and sign the contract with Harrison, and in that way become responsible with him for its performance, and that he agreed to do so if the plaintiff would enter into the engagement. That she did enter into it, and he joined in it and thereto set his name.

The difference between the allegation and the amendment proposed to render the complaint conformable to this state of the proof, consisted in the mode in which Pike agreed to become bound. The fact that he undertook to bind himself, and the extent of the obligation he was to assume, are identical in each. And the mode he adopted to bind himself is the same in the complaint and the proposed amendment. For by both he was to become responsible for the performance of the contract by Harrison, and did so by setting his name to the contract, the difference consisting in the allegation that he indorsed the contract by setting his name to it, and joined in and signed it, as the amendment proposes it should be alleged. This was altogether too slight to be anything more than an immaterial variance, which could neither have prejudiced nor misled the defendants. The obligation alleged to have been finally assumed by Pike, is precisely the same in both instances. That is, that he undertook to become responsible for the performance of the contract by Harrison. And no difference exists in the manner in which he imposed it upon himself, which, in each case, is stated to have been by setting his name to the written agreement. The fact that he agreed to create the obligation by joining in and signing the agreement, or by indorsing it, is entirely unimportant, as long as he finally did what, in the most favorable statement of the plaintiff's case, he was to have done, which was

to set his name to the contract to bind himself for its performance by Harrison. If that rendered him liable, it was sufficient for all the purposes of the case. If it did not, the preceding agreement that he would join in and sign it, instead of that which was alleged, that he would indorse it, would not render him liable. Whether, in either event, he could be rendered liable by setting his name to the agreement for the purpose of becoming responsible for the performance of its terms by Harrison, it is not now designed to be considered or determined. The pleadings were broad enough to allow all the proof to be given, which could be received under the amendment proposed to be made. (*Hart* v. *Hudson*, 6 Duer, 294, 307; *Bank of Cooperstown* v. *Woods*, 28 N. Y., 545.) And that is all the court can be now required to decide.

No harm could have arisen out of the allowance of the amendment, but, strictly considered, there was no necessity for it. And it is much better that unimportant variances of this nature should either be disregarded entirely, or amended at the trial as the Code has provided they may be, than that the parties should be subjected to the labor and delay of a special motion in order to render the pleadings literally accurate in the statement of the cause of action or defense. The system which has been devised is neither obscure nor intricate, and it should be maintained according to its spirit and design. That was not to require a special motion to correct immaterial differences between the allegations and proofs, which cannot possibly mislead the adverse party to his prejudice. In such cases they are to be wholly disregarded, or at once amended without unnecessarily delaying the proceedings, unless it is shown by affidavit that the opposite party has been misled, and in what respect that may have been the fact.

The order appealed from should be affirmed, but, under the circumstances, it should be without costs.

BRADY, J., concurred.

Order affirmed, without costs.